JERRY RAY DAVIS, by His Next Friend, JAMES T. DAVIS, v. BENJAMIN WYCHE.

(Filed 13 December, 1944.)

**1. Trial § 4—**

It is mandatory upon the trial judge, under the Soldiers' and Sailors' Civil Relief Act of 1940, sec. 521, 50 U. S. C. A., to grant a stay in the trial of any action in which a person in military service is involved, upon application of such person or of someone in his behalf, unless, in the opinion of the court, the ability of such person to prosecute or defend the action is not materially affected by reason of his military service.

**2. Same—**

The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up burdens of the nation.

**3. Trial § 8—**

Every party has the right, within due limitations, to be present at the trial of his cause, to be allowed to testify personally before the jury rather than through the notoriously indifferent medium of deposition, to take part in the selection of the jury, and to be personally present during the entire proceeding so that those charged with the burden of decision may observe him, either for his advantage or to his detriment.

DAVIS v. WYCHE.

**4. Parties § 4: Insurance § 44a—**

In an action to recover damages occasioned by the alleged negligent operation of a motor vehicle, the insurance company, which has issued a policy to protect an insolvent defendant, is not the real defendant in interest, the policy providing that no action shall lie against the company unless the insured shall have fully complied with all the terms of the policy, nor until the amount of insured's obligation shall have been finally determined by judgment against insured after trial, or by written agreement of the insured, the claimant and the company.

APPEAL by plaintiff from *Bobbitt, J.,* at June Term, 1944, of MECK-LENBURG.

This is an action instituted in April, 1941, to recover damages for injuries alleged to have been inflicted upon the plaintiff by the defendant in negligently driving an automobile upon and against the plaintiff while he was crossng East Eighth Street in the city of Charlotte.

On 12 October, 1942, the plaintiff moved the court for an order directing the calendaring of the case for trial and determining that the defendant is not entitled to a stay of such trial. The defendant in answer to the plaintiff's motion for an order to calendar the case for trial, and to determine that the defendant is not entitled to a stay in such trial, through answer verified by his attorney, says that the defendant is in the armed forces of the United States, that the Soldiers' and Sailors' Civil Relief Act of 1940 provides that upon application to it by a person in military service the court shall stay proceedings in which such person is a party, unless, in the opinion of the court, the ability of the applicant for such stay to conduct his defense is not materially affected by reason of his military service, and in the opinion of the said attorney the defendant's ability to conduct his defense would be materially affected by reason of his military service because of his inability to be present at the trial, if such trial should at this time be ordered; whereupon defendant, through his attorney, moved the court to stay all proceedings in the action as provided by said relief act.

In support of his motion to stay proceedings the defendant, through his attorney, represented to the court that he, the defendant, was in the military service of the United States and stationed in England, that it was impossible for the defendant to attend trial, that the defendant's ability to conduct his defense would be materially affected by his absence from the trial if trial should be ordered, and to deny him the privilege flowing from attendance thereupon would be to deny him material and important rights.

The plaintiff, through his attorney, answered the motion of defendant for a stay in the trial and admitted that the defendant is in the military service of the United States but denied that his defense was materially

DAVIS *v.* WYCHE.

affected by reason thereof since his deposition had been taken and a certain stipulation as to additional testimony entered into; that the defendant carried liability insurance which fully protected him and the insurance company had fully investigated and was defending the case, and that the defendant is without substantial property and the insurance company was the real party in interest; that the plaintiff would be materially prejudiced by an indefinite stay of the trial, for that, *inter alia,* the only material witness to the accident was of draft age and his testimony was apt to be lost if an early trial was not had; the defendant in answer to the reply of the plaintiff asserted that "the question is whether or not the ability of the defendant to conduct his defense is materially affected by reason of his military service"; on 3 June, 1943, the motion of the plaintiff to calendar the case for trial was denied, "with the right of the plaintiff to renew said motion at such time as he may be advised," and on 26 January, 1944, the plaintiff renewed his motion to calendar the case for trial, and represented that the defendant was then "stationed in this country" and that the situation existing at the time of the former hearing had changed.

At the regular term, 19 June, 1944, of Mecklenburg, the judge presiding found the facts that the action was commenced in April, 1941, to recover damages for injuries alleged to have been sustained by the plaintiff on 19 October, 1940, when he was five years of age; that the defendant went into the air service, a branch of the armed forces of the United States, in February, 1941, and since that time has been continuously in the armed forces of the United States, that he was on combat duty in the air service for about a year, and is now stationed in Salina, Kansas; "and that the ability of the defendant to conduct his defense is materially affected by reason of his military service"; that the defendant had in force at the time of the plaintiff's alleged injury a policy of liability insurance and the counsel now appearing for defendant is retained by the insurance company; that the defendant was in the Carolinas in November and December, 1943, visiting his mother, upon return from overseas combat service, but that during this time was suffering from nervousness and a skin disease, and was under such physical and nervous disability as to justify a postponement or continuance of the case on that account in the event trial could otherwise have been arranged; that the defendant is presently stationed at Salina, Kansas, and currently has only one day off each two months; and upon the foregoing findings of fact, and "in its discretion," the court ordered, adjudged and decreed that trial of this action be stayed and the cause continued for trial until the inability of the defendant to conduct his defense by reason of his military service shall be removed.

To the foregoing order and judgment the plaintiff objected and appealed to the Supreme Court, assigning errors.

*Robinson & Jones for plaintiff, appellant.*
*Frank H. Kennedy and Goebel Porter for defendant, appellee.*

SCHENCK, J.  This appeal poses the determinative question: Did the court err in entering, in its discretion, the order and judgment staying the trial of the action until the inability of the defendant to conduct his defense by reason of his military service was removed? We are of the opinion, and so hold, that the answer is in the negative.

The Soldiers' and Sailors' Civil Relief Act of 1940, sec. 521, 50 U. S. C. A., the interpretation of which is involved in this appeal, reads: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the Court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service." Oct. 17, 1940, c. 888, sec. 201, 54 Stat., 1181.

The act provides that the court shall, on the application of a party to an action in the military service, grant a stay in the trial of such action, unless in the opinion of the court the ability of such party to conduct his case is not materially affected by reason of his military service. It was therefore mandatory upon the trial judge to grant the stay unless he was of the opinion that the ability of the defendant to conduct his defense was not materially affected by reason of his military service.

"The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner,* 319 U. S., 561, 87 Law Ed., 1587.

Although the trial judge found as a fact, upon competent evidence, "that the ability of the defendant to conduct his defense is materially affected by reason of his military service" it was not necessary under the relief act that such finding be made, it being only necessary that the court be of the opinion that the ability of the defendant to conduct his defense be materially affected by reason of his military service. *Boone v. Lightner, supra.*

It is the contention of the plaintiff that the defendant would not be prejudiced by a trial in his absence, since the defendant's deposition has been taken and is on file. While it may be true that parties to actions

are sometimes forced to trial in their absence, with only their depositions to be relied upon, we do not concur with the contention that such a situation is not prejudicial to the party so forced. Every party has a right to be present at the trial of his cause, and to be forced to trial without this right on account of absence due to military service cannot be said to be without material affect upon such cause, unless, as by the act provided, the court shall be of the opinion that such situation does not materially affect his ability to conduct his defense. In *Bowsman v. Peterson,* 45 Fed. Supp., 741, it is said: "Within due limitations, he (defendant) ought to be allowed to testify personally before the jury rather than through the notoriously indifferent medium of deposition. He should be allowed to scrutinize the jury list, to confront the jury as it is impaneled to observe the responses of its members on the *voir dire* examination, to make suggestions and have them and his preferences and his possible relation to the jurymen considered, in the very important step of peremptory challenges. He should, if reasonably possible, have the opportunity to be personally before the court and the jury during the entire progress of his trial, manifesting his interest in its event and allowing those charged with the burden of decison to observe him, either for his advantage or to his possible detriment."

Plaintiff contends that the insurance company is the real defendant in interest and seeks to ignore the defendant Wyche altogether so far as the trial is concerned. This contention is untenable, for the reason, among others, that the policy involved in this case provides that "no action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all of the terms of this policy; nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company."

In view of the trial judge's finding of fact, based upon competent evidence, that the ability of the defendant to conduct his defense was materially affected by reason of his military service, and, in the exercise of his discretion, ordering and adjudging a stay in the trial of and a continuance of the cause until the inability of the defendant to conduct his defense by reason of his military service shall be removed, we are of the opinion that the judgment of the Superior Court should be affirmed, and it is so ordered.

Affirmed.