**ULMER v. MACKEY.**

No. 15263.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 21, 1951.

Rehearing Denied Oct. 12, 1951.

Dawson, Jones, Parish & Fillmore, of Wichita Falls, for appellant.

Kearby Peery, of Wichita Falls, for appellee.

HALL, Chief Justice.

This appeal is from a judgment of the district court of Wichita County, entered in an automobile collision case between appellee A. E. Mackey (plaintiff below) and appellant Carl Joseph Ulmer (defendant below).

The case was tried to a jury and from its findings the trial court rendered judgment for appellee in the sum of $3,000 for personal injuries and $900 expenditures for hospital and medical services.

The substance of appellant's seven points is that the court erred in: (1) overruling appellant's motion to have proceedings in this case stayed until his military service would not materially affect his conduct of the case; (2) severing appellant's cross action, because the identical facts and issues therein were involved and litigated in appellee's cause of action; (3) permitting appellee's witness to testify that appellee had complained of pain since the alleged accident; (4) refusing to permit appellant's absence to be explained of his whereabouts at the time of trial; (5) permitting appellee's attorney, over appellant's objection, to inject the inference that appellant was covered by liability insurance; (6) permitting appellee to argue the absence of appellant as a presumption against him; and (7) arbitrarily excusing jurors and permitting the district clerk to excuse jurors so that appellant did not have the benefit of drawing the jury from the panel.

The trial court overruled appellant's motion to continue the case because of his untimely absence while in the armed forces of the United States, under section 521 of Title 50 U.S.C.A.Appendix, setting up grounds that his absence from the trial would materially affect his conduct of the defense of his case and prosecution of his cross action which he had filed against appellee.

The undisputed facts show appellant was stationed with a United States combat air force in Korea and it was impossible for him to be present at the trial.

Appellee contends that the trial court did not err in overruling appellant's motion for continuance, because, first, both the deposition of him and his wife had been taken; second, he was merely a nominal defendant in the case and the filing of his cross action was only to lay a predicate for a further continuance; and third, appellee would hold appellant harmless as against a judgment in excess of the limit of his indemnity insurance policy.

Under the facts in this case we are compelled to disagree with appellee's contention. In the first place, the judgment for $3,900 is against appellant personally. His insurance company may or may not be solvent at the time it is called upon to pay a judgment in this cause. Under the terms of the policy appellant was to assist in effecting settlements, securing, giving and obtaining evidence and to assist in the conduct of the trial. The failure of appellant to so cooperate and act in behalf of his defense might force him to prosecute his claim against said company.

Appellant's inability to be present at the trial naturally prevented him from performing under his contract with his insurance company. The mere absence of a defendant in an automobile accident case could be construed by a trier of the facts that insurance was involved. For instance, in this case the jury found that appellee was entitled to past, present and future medical and hospital fees in the sum of $2,000, when the evidence only revealed that he was entitled to $900. The contents of the Act evidence that during the period of such service or within sixty days thereafter all actions or proceedings in any court shall be stayed unless the opposing side shall clearly convince the trial court by substantial evidence that the defendant's ability to prosecute or defend is not materially impaired by his absence while in the military service. It is recognized throughout the courts of continental United States that the trial court has wide discretion in determining such issue, but it is

also pertinent to note that abuse of such discretion by the trial court is reviewable by the appellate court.

We are aware of the fact that the most common injury that may be sustained by a party in a civil case is to have a money judgment rendered against him. Appellee insists that he should not be subjected to a long and undetermined delay in the prosecution of his cause of action against appellant. Such longevity of time will also be suffered by appellant in prosecuting his cross action against appellee.

We have carefully read the testimony and cannot say as a matter of law that appellee should recover judgment against appellant. Neither can we determine that appellant's allegations set out in his cross action are unfounded.

Appellee cites some district and Circuit Federal Court cases which uphold his contention, such as Gross v. Williams, Commercial Standard Ins. Co., 8 Cir., 149 F.2d 84; Swiderski v. Moodenbaugh, D. C., 44 F.Supp. 687. Most of our state courts hold that rights of a defendant may be prejudiced and his defense materially affected by reason of his absence in cases where a personal judgment can be rendered against him for money or property. Bridges v. Williams, Tex.Civ.App., 171 S.W.2d 372; Burke v. Hyde Corporation, Tex.Civ.App., 173 S.W.2d 364; Roark v. Roark, Tex.Civ. App., 201 S.W.2d 862. See also opinion in Continental Illinois National Bank & Trust Co. v. University of Notre Dame Du Lac, 394 Ill. 584, 69 N.E.2d 301; Davis v. Wyche, 224 N.C. 746, 32 S.E.2d 358.

 Realizing that every party has a right to be present at the trial of his case and that his absence may be prejudicial to such rights, we do not concur in the trial court's action in overruling appellant's motion to stay the trial under the facts in this case.

 We find the trial court further erred in severing appellant's cross action because same is based upon identical facts and issues growing out of and connected with appellee's cause of action against him. Such cross action or counterclaim

is styled "compulsory counterclaims," under (a), Rule 97, Texas Rules of Civil Procedure. It is mandatory to file such action in the cause of action set up by the opposing party in order to avoid circuity of action, inconvenience, expense and consumption of the court's time in trying said cross action in an independent suit. We deem if it is necessary to file such cross action that it is also imperative to try it in the same cause. See notes under Rule 97, sec. (a).

We do not find, as contended by appellee, that section (b) under Rule 174, T.R. C.P., is sufficiently broad to grant a trial court authority to sever causes of action relating to the same subject matter, such as the one before this court. See also Landa v. Isern, 141 Tex. 455, 174 S.W.2d 310; Mayfield Company v. Rushing, 133 Tex. 120, 127 S.W.2d 185, 124 A.L.R. 1210; Repka v. American National Insurance Co., 143 Tex. 542, 186 S.W.2d 977, pertaining to res judicata.

 While the facts set out in appellant's points five and six may not appear in another trial, yet it is well to observe that it is error for an opposite party to ask questions or to make arguments to the jury or statements to the court before the jury where the jury could infer that the defendant in such a case carried liability insurance. We think the following argument which appellee's attorney made to the jury is improper:

"This court is here to protect any rights of Sergeant Ulmer has in this matter. The court is here for that. The court doesn't ask you who is going to pay this verdict or whether it will ever be paid."

 Since it is shown that appellant was in the armed forces of the United States, we think this further argument is error:

"You have got to look at the people here that are testifying. You have got to look at Mr. Mackey and look at Mr. Smith, and you have got to determine where the truth lies."

 The subject matter constituting the contents of appellant's seventh point will

probably not arise in another trial, but we point out, however, that there is evidence to the effect that the district clerk excused certain jurors from the panel in this cause. There is no law allowing a district clerk to excuse jurors. We think this is error. See Article 2120, R.C.S.

Judgment of the trial court is reversed and the cause remanded for another trial not inconsistent with this opinion.