**Rita K. OLIVER, Appellant,**

v.

**Robert I. OLIVER, Appellee.**

**No. 08–91–00223–CV.**

Court of Appeals of Texas, El Paso.

May 27, 1992.

Opinion on Rehearing, July 23, 1992.

---

Kevin R. Bartley, Kevin R. Bartley, P.C., Odessa, J. Douglas Foster, Modrall, Sperling, Rochl, Harris & Sisk, P.A., Albuquerque, NM, for appellant.

Travis D. Shelton, Thomas J. Purdom, Lubbock, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is a limited appeal arising from a divorce case in which the trial court disregarded the jury's award of damages for fraud and entered a take-nothing judgment as to that particular cause of action. In a single point of error, Appellant, Rita Oliver, complains the trial court committed reversible error in disregarding the jury's award of damages.[1] We affirm.

## FACTUAL BACKGROUND

At the outset, this is an unusual divorce case which involves two separate marriages between the same two parties—Rita and Robert Oliver. The first marriage was ceremonially consummated in November 1978. This marriage ended in divorce in December 1979. The second marriage, an informal marriage, was entered into in August 1987. Like the first marriage, the second marriage also ended in divorce.

The suit that made the basis of this appeal involves the second marriage. Specifically, in November 1988, Appellee, Robert Oliver petitioned the trial court for divorce from his second marriage to Appellant. In response to the petition for divorce, Appellant counterclaimed for fraud, alleging that since 1979, Appellee had defrauded her as to their marital status. According to Appellant, Appellee committed fraud by representing to her that they were married when in fact they were not married.[2] In answer to the counterclaim, Appellee asserted a statute of limitations defense.

The trial court submitted the fraud counterclaim to the jury along with an issue on statute of limitations. Ultimately, the jury awarded Appellant $500,000 in fraud damages even though they specifically found that the fraud should have been discovered in 1979—approximately nine years before the counterclaim was filed.[3] Apparently, interpreting the jury's findings to constitute a statute of limitations bar, the trial

---

1. Appellant was also awarded the sum of $125,000 as her interest in the community property accumulated during the parties' informal marriage in Texas. This division of community property is not questioned on appeal. In fact, Appellant has limited her appeal to the court's ruling on the issue of fraud as being contrary to the jury's finding.

2. Although the facts are not central to this appeal, a brief synopsis is helpful. Shortly after the parties entered into their first marriage, Appellant and Appellee established their residence in New Mexico, a state that does not recognize informal marriage. While in New Mexico, Appellee informed Appellant of his desire to obtain a divorce. Based on this desire, Appellee had divorce papers prepared by an attorney. At Appellee's insistence, Appellant executed a waiver of citation and property settlement agreement without ever reading the papers. After the papers were signed, Appellee told Appellant that they were still married. The parties continued to live together as husband and wife. Meanwhile, a final decree of divorce was entered in December 1979. Unaware of the final decree of divorce, Appellant continued to reside in New Mexico with Appellee for approximately eight years. According to Appellant, the subject of divorce was never broached during this eight year time period.

   In August 1987, the parties moved to Texas. The record indicates that the parties never formally remarried after the entry of their 1979 New Mexico divorce. They did, however, enter into an informal marriage during their residence in Texas. Tex.Fam.Code Ann. § 1.91 (Vernon 1975 and Supp.1992). In order to terminate the informal marriage entered into in Texas, Appellee filed for divorce in November 1988.

3. Appellant's counterclaim alleging fraud was filed on December 1, 1988, approximately nine years after entry of her New Mexico divorce decree. Clearly, such filing was outside the four-year statute of limitations. Tex.Civ.Prac. & Rem.Code § 16.051 (Vernon 1986).

court disregarded the jury's award of damages for fraud.

On appeal, Appellant argues that it was error for the trial court to disregard the award of damages for fraud because statute of limitations is not a bar to recovery. In short, Appellant advances three separate arguments pertaining to Appellee's statute of limitations defense.

First, Appellant claims that actual notice was required in order to start the statute of limitations running and, at best, the jury found that Appellant had constructive notice. Second, Appellant alleges there were independent acts of fraud occurring throughout the parties' relationship, some of which occurred less than four years before the counterclaim was filed. Finally, Appellant argues the fraud counterclaim falls within the exception of Section 16.069 of the Texas Civil Practice and Remedies Code.

While we find that some of Appellant's arguments are legally sound, a review of the record reveals that Appellant has waived any right to complain on appeal.

### STATUTE OF LIMITATIONS FOR FRAUD

■ As a general rule, a cause of action for fraud is governed by a four-year statute of limitations period. Tex.Civ.Prac. & Rem.Code § 16.051 (Vernon 1986). The running of this limitations period typically begins when the fraud is discovered or, in the exercise of reasonable diligence, should have been discovered. *Escontrias v. Apodaca*, 629 S.W.2d 697, 698 (Tex.1982); *Mooney v. Harlin*, 622 S.W.2d 83, 84 (Tex. 1981); *Vance v. Bell*, 797 S.W.2d 403 (Tex. App.—Austin 1990, no writ). Consequently, a party who has either actual or constructive notice of fraud must file suit within four years from the date of "discovery." Texas law, however, has carved out several exceptions to this general rule. Of particular importance to the case at hand are the exceptions pertaining to fiduciary relationships and compulsory counterclaims.

■ In regard to fiduciary relationships, we have previously held that when such a relationship exists as in the case of a husband and wife, actual notice of the fraud must exist before the statute of limitations is set in motion. *Pace v. McEwen*, 574 S.W.2d 792, 797 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). However, in order to fall within this exception, it was incumbent upon Appellant to obtain an affirmative finding as to the existence of a fiduciary relationship.

The second exception of particular importance concerns Section 16.069 of the Texas Civil Practice and Remedies Code that specifically states:

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

The key to this exception is that the counterclaim must "arise out of the same transaction or occurrence ..." as the main cause of action. Thus, Appellant's fraud claim must have arisen out of Appellee's 1988 petition for divorce in order for Section 16.069 to apply.

Before we can determine whether either of these two exceptions apply to the case at hand, it is necessary to consider the procedural aspects of the charge that was submitted to the jury.

### TRIAL COURT'S CHARGE TO THE JURY

Only one question was submitted to the jury regarding the statute of limitations for the fraud claim. Specifically, in question number six, the jury was asked the following:

When, using ordinary diligence, would Rita K. Oliver have discovered that a Decree of Divorce was entered. Answer by writing the date.

The jury found the date to be December 17, 1979—the date the New Mexico Divorce

Decree became final. The legal implication of such a finding is that Appellant had constructive notice of the fraud approximately nine years before suit was ever filed.

Appellant argues that the jury's answer to question number six is not controlling. As noted above, Appellant claims that actual notice of the fraud is required before the limitation statute is set into motion since a fiduciary relationship existed between Appellant and Appellee. *See Pace,* 574 S.W.2d at 797.

■ Notwithstanding the legal merit inherent in Appellant's argument, any error committed by the trial court was not properly preserved for appellate review. Specifically, Appellant failed to preserve error for two reasons. First, Appellant never objected to the submission of question number six. Absent any such objection, Appellant has waived any right to complain about the form of question number six as it relates to the statute of limitations. *Ormsby v. Travelers Indemnity Company of Rhode Island,* 601 S.W.2d 779 (Tex.Civ. App.—Waco 1980, no writ); Tex.R.Civ.P. 274. Second, Appellant also failed to request a question or instruction on fiduciary duty and/or actual notice. Tex.R.Civ.P. 274 and 279.

■ Appellant's remaining contentions regarding Section 16.069 and independent acts of fraud were also waived. In addition to failing to object, Appellant failed to request questions or instructions on either theory. As a result, it is unnecessary for us to discuss the merits of either contention.

■ Based on the above facts, it was proper for the trial court to disregard the jury's award of damages for fraud. In fact, due to the jury's answer to question number six, the jury's finding of fraud was rendered immaterial. When a jury finding is rendered legally immaterial, a trial court may, on its own motion, disregard such finding and render judgment based upon the remaining findings. Tex.R.Civ.P. 301; *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966); *Bayliss v. Cer-*

*nock,* 773 S.W.2d 384, 386 (Tex.App.— Houston [14th Dist.] 1989, writ denied). Accordingly, we overrule Appellant's sole point of error.

Having considered all arguments advanced by Appellant, we overrule Appellant's sole point of error, and affirm the judgment of the trial court which formed the basis for Appellant's limited appeal.

## OPINION ON REHEARING

On motion for rehearing, the Appellant first contends that the application of Tex. Civ.Prac. & Rem.Code § 16.069 is purely a question of law for the trial court, and thus, the submission of jury questions in this regard is unnecessary for the proper preservation of error. We disagree.

■ As noted in the Court's opinion, a cause of action for fraud is governed by a four-year statute of limitations' period. Tex.Civ.Prac. & Rem.Code Ann. § 16.051 (Vernon 1986). If the application of Section 16.069 is a question of law for the trial court, as Appellant contends, Appellant must have timely obtained a ruling from the trial court in that regard in order to preserve error. Tex.R.Civ.P. 248. Insofar as Appellant has raised Section 16.069 for the first time on appeal and never brought the theory of avoidance to the trial court's attention, no ruling was obtained from the trial court. Consequently, Appellant has waived error, if any. *See Tatum v. Liner,* 749 S.W.2d 251, 254 (Tex.App.—San Antonio 1988, no writ).

Section 16.069 essentially provides an avoidance to the affirmative defense of limitations. In advancing her theory of avoidance, Appellant, as a counter-plaintiff, may have avoided the statute of limitations by affirmatively pleading that her counterclaim is compulsory in nature, and just as important, that her counterclaim is timely filed within 30 days from the time that the answer is due. Tex.Civ.Prac. & Rem.Code Ann. § 16.069 (Vernon 1986). In that regard, we hold that Appellant, in attempting to avoid Appellee's affirmative defense of limitations, had the burden of timely bringing the applicability of Section 16.069 to the attention of the trial court, as well as Ap-

pellee. To hold otherwise would be to encourage ambush on appeal.

Generally, a party is not entitled to have an issue on an affirmative defense submitted to the jury unless she has affirmatively pled such defense. *Allstate Insurance Co. v. Perez*, 783 S.W.2d 779, 782 (Tex.App.—Corpus Christi 1990, no writ). We find the identical reasoning sound in requiring an affirmative pleading of an avoidance to an affirmative defense.

Second, Appellant argues that the court erroneously held that she waived the right to rely on multiple, independent acts of fraud by her failure to request or obtain jury questions as to each independent act. Appellant has misconstrued the Court's opinion. The facts and jury answer to question number six above established that the statute of limitations barred Appellant's claim. Consequently, it was incumbent on Appellant to obtain a finding of continuing acts of fraud. Appellant neglected to obtain such a finding.

■ Next, Appellant contends that because the evidence concerning the relationship between the parties was undisputed, the existence of a fiduciary relationship was a legal question for the trial court and not an issue for the jury. Appellant, in advancing her argument, correctly relies on *Lacy v. Ticor Title Insurance Company*, 794 S.W.2d 781, 787 (Tex.App.—Dallas 1990, writ denied) for the proposition that the existence of a fiduciary relationship is a question of law where the underlying facts are not in dispute. However, in the instant case, the trial court instructed the jury, without objection, that Appellant and Appellee were married as of August 12, 1987, thereby precluding the existence of a marital relationship prior to that date.[1]

■ Finally, Appellant argues that she did in fact object to jury question number six which related to the statute of limitations for the fraud claim. Appellant's objection to "question number six" was stated as follows:

> We respectfully urge the Court that this issue is an attempt by the Petitioner to submit a rebuttal issue and submit the definition of tracing ... and further respectfully object to the definition or instruction with regard to property acquired on credit on Page 4 of the Court's charge because the same, when viewed with the instructions and issues, is a comment on the weight of the evidence, and is not properly submitted to the jury on the law.

The question number six actually submitted to the jury asked the following:

> When, using ordinary diligence, would Rita K. Oliver have discovered that a Decree of Divorce was entered.
>
> Answer by writing the date.

It is apparent from the context of the Appellant's objection that the "question number six" was not the same question number six ultimately submitted for the jury's consideration. Objections to the charge of the court must clearly identify the error and explain the grounds for complaint. *Castleberry v. Branscum*, 721 S.W.2d 270, 277 (Tex.1986); Tex.R.Civ.P. 274. An objection that does not meet both requirements is properly overruled and does not preserve error on appeal. *Id.*

Accordingly, Appellant's motion for rehearing is overruled.

---

1. Appellant failed to object to the above instruction which served to establish the parameters as to the existence of the marital relationship. In order for Appellant to have met her burden as to the existence of a fiduciary relationship, it was incumbent upon her to obtain an affirmative finding as to the existence of a marital relationship between the parties prior to August 12, 1987. Appellant's failure to obtain such an affirmative finding serves to waive any error.