**Rita K. OLIVER, Petitioner,**

v.

**Robert I. OLIVER, Respondent.**

**No. D–2747.**

Supreme Court of Texas.

June 2, 1994.

Kevin R. Bartley, Odessa, J. Douglas Foster, Albuquerque, for petitioner.

Travis D. Shelton, Thomas J. Purdom, Lubbock, for respondent.

Justice SPECTOR delivered the opinion of the Court, in which all Justices join.

The issue in this divorce case is whether the statute of limitations bars a counterclaim for fraud. The trial court, disregarding the jury's finding of fraud, rendered a take-nothing judgment on the counterclaim, and the court of appeals affirmed. 843 S.W.2d 595. We hold that the counterclaim was timely filed, and therefore we reverse the judgment and remand to the court below for further proceedings.

The underlying facts are essentially undisputed. Sam and Rita Oliver were married in 1978. About two weeks after their wedding, the couple moved from Seminole, Texas, to Hobbs, New Mexico—a move of about thirty miles. One year later, Sam told Rita that he wanted a divorce, and asked her to go to his lawyer's offices and sign the papers. Rita complied the next day, signing a Waiver of Service and Property Settlement Agreement. After she returned home, upset and crying, Sam told her, "It is okay, honey.... [W]e are still married. We are still going to be man and wife."

Six days later, however, Sam appeared in court in an adjoining county and had the

divorce decree entered. Rita, unaware of this action, believed that Sam had not gone through with the divorce.

For the next nine years, Sam and Rita lived together as husband and wife. They continued to celebrate their wedding anniversaries and to file federal and state tax returns as "married filing joint return". Sam continuously represented to friends and acquaintances that Rita was his wife. Regardless of appearances, however, the couple was not legally married, since New Mexico does not recognize common-law marriages.

In 1987, Sam and Rita returned to Texas, where they built a new home and continued to live as husband and wife. Under Texas law, this move marked the beginning of a new, common-law marriage.

Sam filed for divorce again in 1988. In his petition, Sam alleged that since he and Rita had been legally divorced in 1979, he was entitled to all separate property that had accumulated since then until the couple's return to Texas in 1987.

Thirty days later, Rita filed an answer and counterclaim claiming that the 1979 divorce decree had been obtained through fraud, misrepresentation, and breach of fiduciary duty. Rita sought damages equal to her share of the community property that would have been acquired while the couple resided in New Mexico absent the secret divorce. In response, Sam asserted a statute of limitations defense.

The jury found that Sam had defrauded Rita as to their status as husband and wife, awarding $500,000 to compensate Rita for this fraud. In response to question number six, however, the jury found that Rita, using

ordinary diligence, would have learned of the New Mexico divorce decree on the date it was entered. Because of this finding, the trial court rendered a take-nothing judgment in Sam's favor on the fraud counterclaim. Rita's recovery was thus limited to her interest in the community property which the couple accumulated during their one-year informal marriage in Texas.

Rita brought a limited appeal, asserting that the trial court had erred by failing to give effect to the jury's finding of fraud. The court of appeals affirmed, holding that the jury's response to question number six made the finding of fraud immaterial. 843 S.W.2d at 599.

■ Rita argues that her counterclaim was timely under section 16.069 of the Texas Civil Practice and Remedies Code, which extends the statute of limitations to permit a counterclaim that "arises out of the same transaction or occurrence that is the basis of an action."[1] We agree.

The basis of Sam's divorce petition was the marital relationship between the parties. The duration of that relationship was central to Sam's cause of action, as reflected by the petition's allegations regarding the first marriage and divorce.[2] Rita's fraud counterclaim also arose out of the facts that determined the duration of the relationship: namely, the New Mexico divorce Sam obtained in 1979, and the continuing acts that led Rita to remain with Sam until after the couple had moved back to Texas. We hold, therefore, that the fraud counterclaim arose out of the same transaction or occurrence that was the basis of Sam's divorce action.

---

1. Section 16.069 provides:
    (a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.
    (b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

2. Part IV of Sam's original petition alleged the following:
    The parties were married on or about November 13, 1978, in Old Mexico and continued

to live together as husband and wife until they were duly and legally divorced in the District Court of Eddy County, New Mexico, on or about December 17, 1979.
    Following the divorce of the parties, they subsequently commenced living together in Lea County, New Mexico, until they moved to Gaines County, Texas, on or about August 12, 1987. After they moved to Gaines County, Texas, the parties lived together as husband and wife and petitioner asserts that a common law marriage was accomplished on or about August 12, 1987.

This holding is consistent with the purpose of section 16.069: to prevent a plaintiff from postponing the filing of a claim until an adversary's valid claim is barred by limitations. *See Hobbs Trailers v. J.T. Arnett Grain Co.,* 560 S.W.2d 85, 88–89 (Tex.1977). Disallowing the counterclaim would effectively reward Sam for concealing his fraudulent conduct until limitations had expired.

Sam asserts that Rita is estopped from relying upon section 16.069 because in limiting her appeal, she designated the fraud claim as *severable* from the remainder of the trial court's judgment. Sam relies on a line of court of appeals cases holding that a *trial court* cannot sever out compulsory counterclaims arising from the same transaction or occurrence as the opposing party's claim. *See, e.g., Ulmer v. Mackey,* 242 S.W.2d 679, 681 (Tex.Civ.App.—Fort Worth 1951, writ ref'd n.r.e.); *Bolding v. Chapman,* 394 S.W.2d 862, 864 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.); *Bohart v. First Nat'l Bank,* 536 S.W.2d 234, 236 (Tex.Civ.App.—Eastland 1976, writ ref'd n.r.e.). Because such claims may not be severed at the trial court level, according to Sam, they are not "severable" for purposes of pursuing a limited appeal. Having previously designated the fraud claim as severable, Rita may not now argue that it arises out of the same transaction or occurrence as Sam's divorce action.

■ Even assuming that *Ulmer* and its progeny are correct, an issue we need not decide, they are not controlling here. *Ulmer* concluded that severing a counterclaim arising from the same transaction or occurrence as the opposing claim would frustrate the purpose of the compulsory counterclaim rule, which is to promote judicial economy. 242 S.W.2d at 681. This rationale does not extend to limitation of appeals, as all challenges to a trial court's judgment are addressed together on appeal regardless of whether the appellant initially limits the appeal under Rule 40(a)(4). Further, application of the *Ulmer* rule here would frustrate the purpose of Rule 40(a)(4) by requiring parties to continue litigating claims that were satisfactorily adjudicated at the trial level. We thus conclude that claims may be severable under Rule 40(a)(4) even though arising out of the

same transaction or occurrence. *See, e.g., Penick v. Penick,* 750 S.W.2d 247, 250 (Tex. App.—Houston [14th Dist.] 1988) (community reimbursement claim severable from child support issue in divorce case), *rev'd on other grounds,* 783 S.W.2d 194 (Tex.1990); *Carpenter & Assocs. v. Nater Invs.,* 738 S.W.2d 351, 354 (Tex.App.—Austin 1987, writ denied) (punitive damage claim severable from issue of actual damages); *Anderson v. Anderson,* 618 S.W.2d 927, 930 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ dism'd) (same). *Cf. Great American Reserve Ins. Co. v. Britton,* 406 S.W.2d 901, 907 (Tex.1966) (beneficiary's claim against insurance company for attorneys' fees was severable from her claim for policy benefits for purposes of limited remand under predecessor to Tex.R.App.P. 184(b)).

■ Sam also argues that the fraud counterclaim was untimely even under section 16.069, because it was not set out as a distinct cause of action until more than thirty days after Rita filed her original answer. *See* § 16.069(b) (requiring that counterclaim be brought within thirty days after the date on which the answer is required). Rita's original answer and counter-petition, which was timely filed, asserted that Sam's conduct was "both actual fraud and constructive fraud upon the rights of Counter–Petitioner for which she has been severely damaged and for which she seeks damages in excess of the minimum jurisdictional amounts of this Court." The answer also included factual allegations regarding Sam's conduct: for example, that the couple had "continually held themselves out to the public as husband and wife, filed joint income tax returns and agreed to be husband and wife." The pleading thus apprised Sam that Rita was seeking affirmative relief, giving him adequate notice of the facts upon which she was relying. We hold, therefore, that the original answer and counter-petition was sufficient to state a counterclaim within section 16.069. *See generally Murray v. O & A Express, Inc.,* 630 S.W.2d 633, 636 (Tex.1982).

Finally, Sam asserts that Rita failed to preserve any error, because she made no proper objection to the submission of ques-

tion number six.[3] The jury's answer to that question, however, is immaterial in light of section 16.069. The statute, by its terms, acts to preserve a counterclaim "even though as a separate action it would be barred by limitation on the date the party's answer is required." Thus, even if Rita's counterclaim would otherwise be barred by limitations, it is nonetheless timely under section 16.069.

We conclude that Rita's counterclaim was timely under section 16.069, and that Rita properly preserved the trial court's error for appellate review. Accordingly, we reverse the judgment of the court of appeals and remand this cause to that court for consideration of Sam's challenges to the legal and factual sufficiency of the evidence supporting the jury's findings of fraud and damages.

---

**3.** Rita's only objection to question six asserted that it was a "rebuttal issue." *See generally* Tex.R.Civ.P. 277 ("Inferential rebuttal questions

shall not be submitted in the charge."); *Select Ins. Co. v. Boucher*, 561 S.W.2d 474, 477 (Tex. 1978) (defining inferential rebuttal issue).