No. 04-02-00702-CV



Arnold T. BALL,


Appellant



v.



SBC COMMUNICATIONS, INC.,


Appellee



From the 285th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CI-10944


Honorable Phylis J. Speedlin, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: June 25, 2003


AFFIRMED

 SBC Communications, Inc. ("SBC") filed a lawsuit against Arnold T. Ball ("Ball") seeking
a declaratory judgment. Ball answered that lawsuit and alleged counterclaims for unjust enrichment
and constructive trust. The trial court entered a final judgment in favor of SBC on the grounds that
Ball's claims are barred by the applicable statute of limitations as a matter of law. Ball appeals from
this judgment. In this appeal, we decide whether section 16.069 of the Texas Civil Practice and
Remedies Code revives a defendant's claim or claims such that it prevents a plaintiff from seeking
a declaratory judgment that a defendant's claims are barred by limitations as a matter of law. We
hold that under these circumstances section 16.069 does not revive those claims and affirm the
judgment of the trial court. 

Background

 The essential facts are undisputed by the parties. Adrian Ball ("Adrian") was employed by
a SBC subsidiary. SBC purchased a company-owned life insurance policy ("COLI policy") on
Adrian. Adrian died on December 1, 1991, and SBC subsequently collected the proceeds from the
COLI policy. Over ten years after Adrian's death, on July 11, 2002, Ball, as the sole and lawful heir
of Adrian, filed an original petition in Harris County, Texas, seeking to take SBC's deposition
pursuant to Rule 202 of the Texas Rules of Civil Procedure. According to his petition, Ball sought
to determine whether SBC, including its subsidiaries and affiliated companies, had purchased
insurance policies on the lives of its employees. Ball also sought the amount of cash payment or
other consideration paid pursuant to the insurance policy on Adrian. Additionally, Ball sought the
inspection of computer programs and documents related to SBC's purchase of insurance policies on
employees in general. Ball subsequently non-suited SBC. He filed a similar suit in Bexar County,
Texas on July 29, 2002. An order of non-suit was entered in that case on August 21, 2002. 

 SBC filed a lawsuit against Ball on July 29, 2002. SBC subsequently amended its original
petition. By its first amended petition, SBC sought a declaratory judgment on the following
alternative grounds:

 1. that it had an insurable interest in the life of Adrian Ball;

 2. to the extent Ball had any claim based on an alleged lack of insurable interest, the
claim was barred by the applicable statute of limitations; 

 3. to the extent Ball had any claim based on an alleged lack of insurable interest, the
claim was barred by release, waiver, consent, ratification, estoppel, quasi-estoppel,
and unclean hands. 


SBC also alleged a claim for attorney's fees. Ball filed a timely answer in which he alleged that SBC
did not have an insurable interest in Adrian's life. Ball asserted a counterclaim for unjust enrichment
and requested that a constructive trust be imposed on the COLI policy benefits. 

 SBC filed a traditional motion for summary judgment on the grounds that Ball's claim for
unjust enrichment and imposition of constructive trust were barred by the applicable statute of
limitations. Ball responded, and shortly thereafter, SBC amended its petition again, maintaining its
declaratory judgment action and dropping its claim for attorney's fees. SBC also filed a reply. The
trial court entered a final judgment granting SBC's motion which stated the following grounds:

 . . . [T]o the extent Arnold T. Ball, the sole legal heir of Adrian Lowrey Ball, ever
possessed any claim or claims against SBC Communications, Inc. and/or any of its
related entities arising out of any policy of insurance on the life of Adrian Lowrey
Ball, Arnold T. Ball is barred from pursuing such claim and/or claims by the
applicable statute of limitations as a matter of law. 


Ball filed a timely appeal from the trial court's judgment. 

Standard of Review

 In a traditional motion for summary judgment, the movant must conclusively establish that
no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c). Where a party moves for summary judgment on the grounds of an affirmative
defense, the movant must expressly present and conclusively prove each essential element of the
affirmative defense. See Havlen v. McDougall, 22 S.W.3d 343, 345 (Tex. 2000). We review de novo
the granting of a summary judgment. Am. Broad. Cos., Inc. v. Gill, 6 S.W.3d 19, 27 (Tex.
App.--San Antonio 1999, pet. denied). In deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant will be taken as true and every
reasonable inference must be indulged in favor of the non-movant and doubts resolved in his favor.
Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 

Analysis

 On appeal, SBC contends that section 16.069 of the Texas Civil Practice and Remedies Code
is not designed to revive claims by a defendant where the plaintiff has filed suit seeking a declaratory
judgment that such claims are barred by limitations as a matter of law. Ball contends that the plain
language of section 16.069 mandates that it applies to such a scenario and that the statute makes no
exception for declaratory judgment actions based upon limitations. 

 Section 16.069 provides the following:

 (a) If a counterclaim or cross claim arises out of the same transaction or occurrence
that is the basis of an action, a party to the action may file the counterclaim or cross
claim even though as a separate action it would be barred by limitations on the date
the party's answer is required.

 (b) The counterclaim or cross claim must be filed not later than the 30th day after the
date on which the party's answer is required. 


Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (Vernon 1997). Accordingly, where a cause of action
is asserted in a counterclaim or cross claim, section 16.069 extends the period for filing the claim
for 30 days beyond the date the defendant's answer is due even though the counterclaim or cross
claim would otherwise be barred, provided that the claim arose out of the same transaction as the
plaintiff's suit. See Hobbs Trailer v. J.T. Arnett Grain Co., Inc., 560 S.W.2d 85, 88 (Tex. 1977).
The intention of this provision is to prevent a plaintiff from waiting until an adversary's valid claim
arising from the same transaction is barred by limitations before asserting his own claim. Id. at 88-89. 

 Ball contends that the circumstances presented in the instant matter warrant the application
of the plain words of section 16.069 and should lead us to conclude that this section revives his
claims. (1) Ball argues that the elements of section 16.069 are met by the circumstances presented in
this case. Ball, as defendant, is a party to the action. He asserts a counterclaim which arises from
the same transaction or occurrence made the basis of SBC's claims; that is, SBC's receipt of
proceeds from the COLI policy taken out on Adrian. Therefore, according to Ball, section 16.069
revives any claims which he may have against SBC that would otherwise be barred by limitations.
SBC argues that when section 16.069 is interpreted according to set principles of statutory
construction, it is clear that Ball's interpretation cannot stand. We agree with SBC.

 We construe statutes as written and, if possible, ascertain the legislative intent from the
statute's language. See Marcus Cable Assocs., L.P. v. Krohn, 90 S.W.3d 697, 706 (Tex. 2002);
Helena Chem. Co. v. Wilkins, 47 S.W.3d 486, 493 (Tex. 2001). We begin with the plain language
of the statute because of the fair assumption that the Legislature tries to say what it means. See
Fitzgerald v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex. 1999). Even where a
statute is not ambiguous, however, we consider other factors to determine the Legislature's intent.
See Helena Chem. Co., 47 S.W.3d at 493. We construe a provision under the Texas Civil Practice
and Remedies Code by the Code Construction Act. See Tex. Civ. Prac. & Rem. Code Ann. § 1.002
(Vernon 2002). Under the Code Construction Act, some of the factors which we consider are the
object sought to be attained, the legislative history, the common law or former statutory provisions,
and the consequences of a particular construction. Tex. Gov't Code Ann. § 311.023 (Vernon
1998); Helena Chem. Co., 47 S.W.3d at 493. 

 Additionally, we construe a statute as a whole and will not give one provision a meaning
which is out of harmony or inconsistent with other provisions. See Krohn, 90 S.W.3d at 706; Helena
Chem. Co., 47 S.W.3d at 493. Finally, we presume that the Legislature intends an entire statute to
be effective and that a just and reasonable result is intended. Helena Chem. Co., 47 S.W.3d at 493;
GSC Enters., Inc. v. Rylander, 85 S.W.3d 469, 472 (Tex. App.--Austin 2002, no pet.). 

 We first consider the object to be attained by section 16.069. As noted above, the purpose
of section 16.069 is to prevent a plaintiff from postponing the filing of a claim until an adversary's
valid claim is barred by limitations. Oliver v. Oliver, 889 S.W.2d 271, 273 (Tex. 1994); Hobbs
Trailer, 560 S.W.2d at 88. Our review of the record does not reflect that SBC sought to postpone
its lawsuit so that Ball's claim or claims would be barred by limitations. Based upon its amended
petition, SBC filed a declaratory judgment action, in part, on the grounds that any claim by Ball that
SBC lacked an insurable interest in Adrian's life was barred by limitations as a matter of law. This
is supported by the evidence presented at summary judgment. The evidence reflects that SBC did
not wait to file suit first. Rather, it was Ball who initiated litigation in July 2002 by filing his lawsuit
in Harris County, Texas. Ball filed the lawsuit well over ten years after Adrian's death. After non-suiting SBC in Harris County, Ball then filed suit against SBC in Bexar County, Texas asserting the
same allegations. The evidence simply does not reflect that SBC sought to conceal any of Ball's
potential claims. 

 The purpose of section 16.069 is supported by its legislative history and that of its
predecessor. See Act of May 8, 1969, 61st Leg., R.S., ch. 240, 1969 Tex. Gen. Laws 701 (amended
1985) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 16.069 (Vernon 1997)). The bill
analysis by the Committee on Judiciary of the House of Representatives reflects that the statute was
meant to address those situations where "one of the litigants does not file his cause of action until
a short period before the relevant statute of limitations runs [and] [t]he normal period in which to
answer the cause of action and file the counterclaim or cross claim would have been cut short by the
statute of limitation[s]." House Comm. on Judiciary, Bill Analysis, Tex. H.B. 339, 61st Leg.,
R.S. (1969). This situation is simply not present in the instant matter. 

 We also consider the consequence of the particular construction advocated by Ball. Were
we to hold that section 16.069 revives claims which are absolutely barred by limitations as a matter
of law, the result would be that a litigant would never be able to seek a declaratory judgment based
on limitations because a defendant could always use section 16.069 to defeat such a suit. The
Uniform Declaratory Judgments Act is remedial and its purpose is to settle and afford relief to a
party from uncertainty and insecurity with respect to rights, status, or other legal relations. Tex. Civ.
Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997). Appropriate subject matters of relief under
the Uniform Declaratory Judgments Act include a determination of any question of construction or
validity arising under an instrument, statute, ordinance, or franchise. Tex. Civ. Prac. & Rem. Code
Ann. § 37.004(a) (Vernon 1997). Accordingly, as cited by SBC, Texas case law provides examples
of parties seeking a declaration pursuant to the Uniform Declaratory Judgments Act that the
opposing party's claim or claims are barred by limitations. See e.g., Holy Cross Church of God in
Christ v. Wolf, 44 S.W.3d 562, 564-65 (Tex. 2001) (showing church sued noteholder seeking a
declaratory judgment that four-year statute of limitations barred noteholder's foreclosure of church's
property and holding in favor of church); Reynolds v. Reynolds, 86 S.W.3d 272, 274 (Tex.
App.--Austin 2002, no pet.) (showing declaratory judgment action brought by husband in which he
alleged that any claim the parties were married was barred by the applicable limitations period and
holding lack of justiciable controversy in Texas was fatal to appellee's suit); Jon Luce Builder, Inc.
v. First Gibraltar Bank, 849 S.W.2d 451, 453 (Tex. App.--Austin 1993, writ denied) (showing
builder filed a declaratory judgment action that the four-year statute of limitations had expired on
cause of action based on note executed by corporation and holding limitations did not bar action).

 There is nothing contained within the Uniform Declaratory Judgments Act to suggest that
a declaratory judgment action based upon limitations cannot be pursued. However, were we to hold
that section 16.069 revives claims which are absolutely barred by limitations as a matter of law, we
would be reading into the Uniform Declaratory Judgments Act a provision that would make such
actions fruitless. This would contravene the provision that the Uniform Declaratory Judgments Act
be liberally construed. See Tex. Civ. Prac. & Rem. Code Ann. § 37.002(b) (Vernon 1997).
Additionally, we would be suggesting that section 16.069 trumps the Uniform Declaratory
Judgments Act. A statute must be considered as a whole, and a provision within a statute should not
be given a meaning not in harmony with other provisions. Helena Chem. Co., 47 S.W.3d at 493.
For these reasons, we conclude that the particular construction advocated by Ball would be unjust
and unreasonable. See id.; Tex. Gov't Code Ann. § 311. 021(3) (Vernon 1998).

 Finally, we are persuaded by SBC's argument that the public interest is favored over Ball's
private interest by determining that section 16.069 does not save Ball's claims under the
circumstances presented. In enacting a statute, it is presumed that the public interest is favored over
the private interest. Tex. Gov't Code Ann. § 311.021(5) (Vernon 1998). The position advocated
by Ball runs counter to this presumption. Ball's private interest is his right to pursue a claim that is
absolutely barred as a matter of law by limitations. The Texas Supreme Court has reasoned that a
statute of limitations serves the public interest in preventing stale claims. 

 Limitations statutes afford plaintiffs what the legislature deems a reasonable time to
present their claims and protect defendants and the courts from having to deal with
cases in which the search for truth may be seriously impaired by the loss of evidence,
whether by death or disappearance of witnesses, fading memories, disappearance of
documents or otherwise. The purpose of a statute of limitations is to establish a point
of repose and to terminate stale claims. 


Murray v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990). The public's interest is
hindered where a party, like Ball, would be able to circumvent limitations by relying on section
16.069 to save his claim or claims. We will not interpret section 16.069 to permit Ball's private
interest to outweigh the public's interest in preventing the litigation of stale claims. 

 In support of his argument, Ball relies upon the cases of Oliver v. Oliver, 889 S.W.2d 271
(Tex. 1994), CDB Software, Inc. v. Kroll, 992 S.W.2d 31 (Tex. App.--Houston [1st Dist.] 1998,
pet. denied), Barraza v. Koliba, 933 S.W.2d 164 (Tex. App.--San Antonio 1996, writ denied), and
ECC Parkway Joint Venture v. Baldwin, 765 S.W.2d 504 (Tex. App.--Dallas 1989, writ denied).
Ball argues that these cases are examples of appellate courts routinely holding that section 16.069
revives claims that were "long barred by limitations." We do not consider these cases dispositive
as none of them involve a declaratory judgment action based upon limitations. 

 Finally, Ball maintains that the application of the plain language of section 16.069 requires
us to hold that his counterclaims are not barred by limitations. We agree with Ball that, generally,
courts must look to the plain language of a statute when construing it. The plain language rule,
however, is subject to exception. See Macias v. Rylander, 40 S.W.3d 679, 686 (Tex. App.--Austin
2001, pet. denied). In construing a statute, we will not attribute to the Legislature an intention to
work an injustice or produce an absurd or unreasonable result. Id. (citing State v. Mauritz-Wells Co.,
141 Tex. 634, 175 S.W.2d 238, 242 (1943)). We conclude that to apply the plain language of section
16.069 to the instant circumstances in the manner advocated by Ball would work an injustice and
produce an absurd result. 

Conclusion

 We hold that section 16.069 of the Texas Civil Practice and Remedies Code does not revive
or save claims brought by a party as counterclaims in a suit for declaratory judgment which alleges
that such claims are absolutely barred by limitations as a matter of law. Accordingly, we overrule
Ball's sole issue on appeal and affirm the judgment of the trial court. 


 Catherine Stone, Justice
1. In his reply brief, Ball contends there is no evidence that the statute of limitations has run on his
counterclaims. Ball argues that a claim for constructive trust accrues at the inception of the trust. According to Ball,
SBC needed to provide evidence establishing the date when it received the proceeds under the COLI policy in order to
establish that limitations had run. Our review of the record leads us to conclude that Ball implicitly admitted that
limitations had run on his claims. SBC moved for summary judgment, asserting that Ball's claims were barred by
limitations as a matter of law. Ball responded by asserting that his claims were "saved" by section 16.069. The same
argument was asserted by Ball at the hearing on the motion for summary judgment. At no time in the proceedings below
did Ball contend that SBC failed to present evidence that limitations had run on his counterclaims. For this reason, we
do not consider this contention for the first time on appeal.