(No. 29378.—

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY *vs.* UNIVERSITY OF NOTRE DAME DU LAC *et al.,* Appellees.—(JOSEPH EDWARD NEUHAUS, Appellant.)

*Opinion filed Sept. 18, 1946—Rehearing denied November 14, 1946.*

FRIEDLUND, LEVIN & FRIEDLUND, (EMIL N. LEVIN, and D. M. STALZER, of counsel,) all of Chicago, for appellant.

HUBACHEK & KELLY, and FRED L. STEERS, both of Chicago, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

This suit originating in the circuit court of Cook county, was brought to construe the will of Joseph C. Smith, deceased. It was filed by the Continental Illinois National Bank and Trust Company of Chicago, as executor under the will. The decree of the circuit court was affirmed by the Appellate Court for the First District. The case is here on leave to appeal granted by this court. The appeal is prosecuted by Joseph Edward Neuhaus, who is the sole heir-at-law of the testator.

The testator by his will gave certain legacies to named individuals, including a gift of $1000, together with all his household goods, furniture, pictures, jewelry, silverware, rugs, fixtures and other articles of personal use and his automobile, to appellant, his nephew, Joseph Edward Neuhaus. The residue of his estate, after the payment of the specific legacies and expenses, is disposed of in paragraph six of the will. Paragraph six is as follows:

"Sixth. All the rest and residue of my property of whatever kind or nature, real and personal, wheresoever situated, I give, devise, and bequeath to the University of Notre Dame du Lac, a corporation organized and existing under and by virtue of the laws of the State of Illinois, in memory of my Brother, Charles Smith, known in religion as 'Brother Alexander,' who was one of the early associates and workers with Father Sorin, the founder of the University of Notre Dame, and said residum shall be known as the 'Brother Alexander Memorial Scholarship Fund,' and shall

be held, invested and reinvested by the Board of Lay Trustees of said University, and the net income therefrom shall be annually awarded by the President of said University as one or more scholarships to worthy students of the University of Notre Dame who are preparing for the priesthood in the Congregation of the Holy Cross."

The will was executed on December 21, 1938. By a codicil executed November 19, 1940, the legacy to Neuhaus was increased to $5000, with a provision that if Neuhaus should predecease the testator, a legacy of $2500 should be paid to Neuhaus's wife, and the balance should be disposed of as provided in the sixth paragraph of the will. Continental Illinois National Bank and Trust Company was named executor.

The testator died September 20, 1942. His will was probated on October 9, 1942. The trust company qualified and assumed its duties as executor. On May 7, 1943, it filed this suit to construe the will. The complaint, after alleging the facts as above set forth, averred that the University of Notre Dame du Lac, which is hereafter referred to as the university, and which was made a defendant to the proceedings, is an Indiana corporation, operated for educational and religious purposes by the Congregation of the Holy Cross; that it was founded by Rev. Edward Frederick Sorin, who is the Father Sorin referred to in paragraph six of the will; that the university prepares students for the priesthood in the Congregation of the Holy Cross; that testator's brother, Charles Smith, known in the church as "Brother Alexander," was a teacher at the university for more than fifty years; that on November 27, 1934, certain teachers and officers of the university, acting as agents and nominees of the university, organized a corporation under the laws of Illinois, under the name of "University of Notre Dame du Lac," for the purpose of enjoying legal entity in this State and, among other things, accepting grants, gifts, donations, investments, bequests and conveyances of real and personal property; that

on June 10, 1937, the Illinois corporation was dissolved by decree of the superior court of Cook county, Illinois, in a proceeding brought by the Attorney General of the State of Illinois; that no corporation having the name of "University of Notre Dame du Lac," or any similar name, was in existence on the dates of the will and codicil, the date of testator's death, or at the time of the institution of this suit, except the defendant Indiana corporation; that the testator had been a student at, and active alumnus of, the university; that the naming of the residuary legatee may have been an error in drafting the will; and that there is doubt and uncertainty as to the meaning of the sixth paragraph of the will. The complaint prayed for a construction of the will, particularly the sixth paragraph, and for instructions as to the disposition to be made of the residue of the estate by the executor.

The Attorney General, who was made a party defendant in the suit, filed an answer demanding strict proof of the complaint. An answer was filed by Joseph Edward Neuhaus, admitting parts of the complaint, but denying that the description of the residuary legatee in paragraph six as an "Illinois corporation" was an error, or that there is any uncertainty as to the meaning of the sixth paragraph. He alleged that the testator, for a long time prior to his death, was ill and did not exhibit any interest in the university; that since the corporation named in the sixth paragraph of the will is no longer in being, the bequest to it as residuary legatee has lapsed. By a counterclaim, Neuhaus pleaded an oral contract between himself and the testator, whereby the testator agreed, in exchange for care by Neuhaus and his wife, to execute a will leaving his entire estate to Neuhaus. The counterclaim prayed for specific performance of the agreement, except as to the specific legacies and costs of administration.

The plaintiff trust company replied to Neuhaus's answer, putting the case at issue and further alleging that on

August 23, 1943, after the filing of the complaint, an order was entered in the superior court of Cook county vacating the order of June 10, 1937, which dissolved the Illinois corporation. For the purposes of this opinion it is unnecessary to refer further to the facts appearing from the pleadings or the evidence in the case.

Before the cause was set for trial, appellant was drafted into the military service of the United States. At the time of the trial he was at some location overseas, unknown to his wife or his attorneys. On June 16, 1944, a motion was made on his behalf by his attorneys to postpone the hearing until such time as he was discharged from the service or given a furlough adequate to enable him to prepare and present his cause of action and defense. The motion alleged that because of his absence neither he nor his counsel .was able to prepare his case; that his presence was necessary and that his attorneys were unable to prepare and present his cause of action or defense without his presence and advice; that he had negotiated with a representative of the university in an effort to secure a settlement, but that the university had withdrawn its offer of settlement and broken off negotiations in November, 1943. The motion was supported by the affidavit of Cornelia Neuhaus, wife of appellant. In her affidavit she stated that her husband had originally been classified 1-A by his draft board in June, 1943, but had been given temporary deferment for the purpose of disposing of this litigation; that a second draft deferment for the same purpose had been denied; that he was then (June, 1944,) in the service of the Army overseas, his exact whereabouts being unknown; that he was unable to consult with counsel for the purpose of preparing his defense; and that unless he was able to be present for the preparation and trial of the cause, his rights would be greatly prejudiced. The motion was denied. The motion for a stay of proceedings

was renewed on November 14, 1944, just before the entry of the decree, and was again denied.

The application for stay of the proceedings was resisted by the other parties to the suit, on the grounds that Neuhaus was not a competent witness in the case under section 2 of the Evidence Act: (Ill. Rev. Stat. 1945, chap. 51, par. 2;) that the proof would show Neuhaus's counterclaim to be without merit; and that his wife was living in Chicago and could protect his interests in the case, in his absence. The court referred the case to a master in chancery to take testimony and report the evidence with his conclusions on the facts and the law. The master found against the contentions of appellant. He recommended a decree against appellant and that his counterclaim be dismissed. Exceptions were filed to the master's report, which were overruled. A decree was entered as recommended. An appeal was perfected by his attorneys to the Appellate Court for the First District. That court affirmed the decree.

Section 201 of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C.A., Appendix, sec. 521,) provides as follows: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

This statute confers substantial rights and should be liberally construed. It was considered by the Supreme Court of the United States in *Boone* v. *Lightner*, 319 U. S.

561, 63 S. Ct. 1223. It was there said: "The Soldiers' and Sailors' Civil Relief Act is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation. The discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial. But in some few cases absence may be a policy, instead of the result of military service, and discretion is vested in the courts to see that the immunities of the act are not put to such unworthy use."

This court has recognized that justice requires that a cause of action be continued when a party is in the military service. We have provided in paragraph 3 of Rule 14 of the Rules of Practice and Procedure that "it shall be sufficient cause for the continuance of any action that, in time of war or insurrection, a defendant, whose presence is necessary for the full and fair defense of the action, is in the military service of the United States or of this State."

Appellees contend that because appellant would not be a competent witness in his own behalf, under section 2 of the Evidence Act, he was not prejudiced by the denial of his motion for a stay of the proceedings until he could be present. It is not only the right to testify in his own behalf which the Soldiers' and Sailors' Civil Relief Act is designed to protect. It also protects the right of a litigant to be present at the trial, for the purpose of assisting his counsel in the preparation of his case, and its presentation to the court.

In this case it does not appear that because appellant might be barred by the Evidence Act from testifying on some questions involved in the case, his absence would not prejudice the presentation of his defense and counterclaim. The trial court had no method of determining what

evidence he could and would produce if personally present assisting his counsel. Certain of the appellees refer in their brief to the "uncontradicted evidence" which, they say, disproves appellant's counterclaim. Such evidence was, of course, uncontradicted because appellant was denied an opportunity to be present. The fact that evidence is uncontradicted under such circumstances does not appeal to our sense of justice. It may be true that appellant can produce no substantial evidence in support of his claims. That question could not, however, be determined by the trial court, nor can it be determined by this court, until he has had an opportunity to present such evidence as he may have. It cannot be assumed that the evidence in the record would have been uncontradicted if appellant had been given an opportunity to be present at the trial.

It is also contended that the motion to stay the proceedings did not allege any facts which supported appellant's claims, whereas the answer to such motion informed the court that the appellees were prepared to prove facts which would demonstrate such claims to be groundless. This argument assumes that the court was authorized to decide the merits of the case on the affidavits supporting and opposing the motion for a stay of the proceedings. Under the Soldiers' and Sailors' Civil Relief Act and Rule 14 of this court, previously quoted, however, the trial court in passing upon the motion could only inquire into the question whether the presence of appellant was necessary for the full and fair defense of the action and the presentation of his counterclaim. That fact, appearing together with the fact that he was in the military service, was decisive of the only question before the court. The trial court could not, in ruling on the motion, say that appellant's defense and counterclaim were wholly unfounded.

Appellees also contend that appellant failed to press his objections to the will during the period immediately following the testator's death, and accepted distribution

of personal property under the will, and that he is now estopped from raising such questions. The motion for a stay of the proceedings averred that he had negotiated for some time with the parties in interest in an effort to settle his claims amicably, and that such negotiations were broken off by such parties shortly before the time he was drafted into the Army. Assuming that fact to be true, and it is not denied by appellees, it affords sufficient excuse for the delay in filing his counterclaim. His acceptance of property of the testator, delivered to him in accordance with the terms of the will, was not so inconsistent with his present position, that he is entitled to all of the testator's property, as to invoke the doctrine of estoppel.

It is also contended by appellees that the property of the estate consisted largely of stocks and bonds, which were subject to fluctuation in value, and that as a consequence the value of the estate might have been impaired had the stay of proceedings been granted. The possibility of detriment to parties who are not in the military service is not a controlling factor to be considered in passing upon a motion for a stay of proceedings, either under the Soldiers' and Sailors' Civil Relief Act, or the rule of this court. Delusive interests of haste should not be permitted to obscure substantial requirements of the law.

Under the applicable section of the Soldiers' and Sailors' Civil Relief Act, as well as under paragraph 3 of Rule 14 of this court, the trial court erred in denying the motion of appellant to stay the proceedings. This action was clearly an abuse of the discretion vested in the trial court. The Appellate Court erred in affirming the decree. The judgment of the Appellate Court and the decree of the circuit court are reversed. The cause is remanded to the circuit court for further proceedings not inconsistent with the views expressed in this opinion.

*Reversed and remanded.*