Bradley A. HANSON, Plaintiff and Respondent,

v.

CROWN TOYOTA MOTORS, INC., a corporation, and Zions First National Bank, a corporation, Defendants and Appellant.

No. 15072.

Supreme Court of Utah.

Nov. 21, 1977.

Allen K. Young of Stott, Young & Wilson, Provo, for Zions.

Richard S. Nemelka, Salt Lake City, for Crown Toyota.

---

Lawrence R. Peterson, Jr., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Appeal from an award of damages for the wrongful repossession of an automobile.

The repossession occurred while Hanson was in the military service and despite his reliance upon the Soldiers' & Sailors' Civil Relief Act.[1]

■ The trial court determined that some $1,550 had been paid on the purchase price of the car, that it had a value of $1,850, and that it was subsequently sold for $2,100. Based thereon, judgment was granted against the bank for $1,150 which is deemed to be well within the trial court's discretion.

■ The bank asserts error in not requiring Hanson to prove inability to pay occasioned by his military service status. The record may very well support the proposition of a substantial reduction in pay after becoming a member of the military, but be that as it may, it appears that such was not a condition precedent under the facts here and under Section 531 of the Act which reads in part as follows:

Section 531. Installment contracts for purchase of property

(1) No person who has received, or whose assignor has received, under a contract for the purchase of real or personal property, . . . from a person . . who, after the date of payment of . . installment, has entered military service, shall exercise any right . . . under such contract . . . or resume possession of the property for nonpayment . . . during the period of such military service, *except by action in a court of competent jurisdiction.*

(2) Any person who shall knowingly resume possession of property which is the subject of this section . . . .

(3) Upon the hearing of such action the court may order the repayment of prior installments or deposits or any part thereof, as a condition of terminating the contract and resuming possession of the property, or . . . unless, in the opinion of the court, the ability of the defendant to comply with the terms of the contract is not materially affected by reason of such service; or it may make such other disposition of the case as may be equitable to conserve the interests of all parties.

■ It is obvious that if the Act requires a showing of inability to pay it is only in those instances where repossession is an issue in *pending litigation.* In this instance the bank, with an awareness of Hanson's military status, accomplished repossession and sale *without first filing a lawsuit,* thus violating Section 531(1) of the Act. This could conceivably subject the bank to liability under Section 531(2) of the Act, and in any event, Section 531(3) thereof would have application had the bank not taken possession in violation of Section 531(1).

■ The clear intent of the Act is to afford protection of one's property during a period of military service and, since the bank's initial Acts deprived the court of an opportunity to preserve the status quo, it certainly had the authority under Section 531(3) of the Act to "make such other disposition of the case as may be necessary to conserve the interest of all parties." A different result would do violence to the letter and spirit of the Soldiers' & Sailors' Civil Relief Act.

We affirm and award costs to Hanson.

---

1. 50 U.S.C.A. App. § 501, et seq.