[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-15491

_____

D.C. Docket No. 01-00023 CV-1-DHB
Bkcy. No. 98-12703-BKC

In Re:

RUBY LEE DAVIS,

Debtor.

--------------------------------------------------------------------------------------------------

SYSTEMS & SERVICES
TECHNOLOGIES, INC., Servicing
Agent for AEGIS Auto Finance,

Plaintiff-Appellant,

versus

RUBY LEE DAVIS,
BARNEE C. BAXTER, Trustee,
UNITED STATES TRUSTEE,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Southern District of Georgia
_____
**(December 16, 2002)**

Before BIRCH and COX, Circuit Judges, and GEORGE[*], District Judge.

PER CURIAM:

In this bankruptcy appeal, we must decide whether a trustee in bankruptcy has the authority to modify a Chapter 13 confirmation plan without an order from the bankruptcy court. The district court upheld the bankruptcy court's grant of a Chapter 13 discharge based upon the trustee's recommendation because the debtor complied with the confirmation plan, which was unilaterally amended by the trustee. Finding the discharge improper, we VACATE the discharge granted by the bankruptcy court.

## I. BACKGROUND

Defendant-appellee, Ruby Lee Davis, filed a United States Bankruptcy Code Chapter 13 petition in the United States District Court for the Southern District of Georgia, Augusta Division. Davis listed a 1995 Ford Aspire (the "Collateral") valued at $6,000, which partially secured an outstanding consumer loan serviced

_____
[*] Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

by plaintiff-appellant, Systems & Services Technologies, Inc. ("SST"). Creditor SST held a properly perfected first priority security interest in the Collateral and filed a claim with the trustee for $8,298.11.

Prior to plan confirmation, Davis requested that the Collateral be substituted by a replacement vehicle to be purchased by insurance proceeds from the loss of the 1995 Ford Aspire. The bankruptcy court entered a substitution order, granting Davis's request to substitute a 1996 Ford Aspire for the previously listed Collateral for the loan held by SST. The substitution order required that Davis remain current on her monthly payments to the trustee.

Thereafter, the Chapter 13 plan (the "Plan") was confirmed and provided that SST held a secured claim in the amount of $6,000, representing the listed value of the Collateral, and a general unsecured claim in the amount of $2,298.11, representing the balance of indebtedness in excess of the Collateral's value. Pursuant to the Plan, Davis was obligated to make monthly $161 payments to the trustee. Over a period of almost five months, Davis did not make any Plan payments to the trustee. SST filed a motion to dismiss, supported by an affidavit of delinquency with the bankruptcy court, to which Davis responded that she was unemployed and unable to meet the payments. The bankruptcy court denied SST's request for relief from the automatic stay because the substitution order did not

provide the nature of relief afforded by the filing of an affidavit of delinquency.[2]

The bankruptcy court subsequently entered a corrected substitution order that permitted relief from the automatic stay in the event Davis failed to cure or dispute a delinquency in her payments to the trustee. Shortly thereafter, SST filed a second affidavit of delinquency. The bankruptcy judge lifted the automatic stay, which cleared the way for SST to recover and dispose of the Collateral and apply the proceeds against SST's secured claim.

Upon the bankruptcy court's lifting of the automatic stay, the trustee promptly discontinued payments to SST without direction by any order of the bankruptcy court, or any motion, notice, or hearing involving the parties. The Trustee sent a letter to Davis advising her that she paid sufficient funds to fulfill the Plan. A copy of the letter was sent to the clerk of the court but was not docketed. As a result, the bankruptcy court granted Davis a discharge, finding that Davis fulfilled the Plan requirements. Davis had paid a total of $1,851.46 over a twenty-month period. At the time of discharge, SST had been paid $200.10 on the principal and $472.91 in interest for its secured claim and nothing on its unsecured claim.[3] SST had not disposed of the Collateral by the time of Davis's discharge.

---

[2] The Plan was amended by bankruptcy court order to increase Davis's payments to $180 per month after the bankruptcy court denied SST's motion to dismiss.

[3] The Plan provided that all unsecured creditors were to be paid 10% of the claim amount.

4

SST later sold the Collateral for $426 as permitted by the lifting of the automatic stay.

The day after entry of discharge, the trustee filed a final report with the bankruptcy court. The final report set forth the trustee's treatment of SST's claims: the secured claim was reduced to $673.01 as "paid out" and the unsecured claim was disallowed entirely. The same day, SST filed a motion to have the discharge vacated because its claims had not been satisfied in full, nor had the claims been disallowed by bankruptcy court order; accordingly, SST argued, the grant of discharge was procedurally improper. The bankruptcy court denied SST's motion to vacate, reasoning that SST's claim was satisfied and that there existed no misapprehension or mistake of the facts to warrant the vacating of the discharge pursuant to Federal Rule of Civil Procedure 60(b).[4] The bankruptcy court remarked upon the value of finality in a discharge and found that SST received the relief they sought in lifting the automatic stay. The district court affirmed the bankruptcy court, finding no abuse of discretion by the bankruptcy court in refusing to reopen the case and finding that the bankruptcy court's determination of absence of fraud was not clearly erroneous.

---

[4] Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, allows a party relief "from final judgment, order or proceeding for [inter alia] mistake, inadvertence, surprise, or excusable neglect."

It is from this final order that SST timely noticed its appeal before us. The issue before us is procedural in nature. We decide whether the trustee exceeded his statutory authority by unilaterally altering the claim amounts prior to the discharge of bankruptcy or without the benefit of a bankruptcy court order.[5]

## II. DISCUSSION

We review de novo the determinations of law by the bankruptcy court and district court, whether decided initially or in the district court's appellate capacity. In re Sublett, 895 F.2d 1381, 1383-84 (11th Cir. 1990). We defer to the factual determinations by the bankruptcy court unless they are clearly erroneous. Id. at 1383.

A Chapter 13 plan of confirmation has res judicata effect unless it is subsequently modified by a bankruptcy court order. See 11 U.S.C. §§ 1327, 1329. The confirmation plan includes, inter alia, the claim amounts that will be paid to each creditor; therefore, the alteration of an amount to be distributed to a creditor is a modification of that plan. 11 U.S.C. § 1329(a). Section 1329 sets forth the means by which a modification may be obtained and provides that the confirmation plan may be modified upon request by the trustee, debtor, or holder of an unsecured

---

[5] Because the appeal is disposed of on this issue alone, it is unnecessary to address SST's argument that the bankruptcy court abused its discretion in refusing to reopen the case pursuant to Federal Rule of Civil Procedure 60(b).

claim.  Id.  The "request" language of § 1329(a)  presupposes that such request must be accepted or denied by order of the bankruptcy court.  Absent bankruptcy court order of modification, the confirmation plan must be executed as originally approved.  § 1327(a).  In addition, § 502 provides the statutory framework for disallowance of a claim and anticipates bankruptcy court approval after objection by a party in interest.  11 U.S.C. § 502.  If no objection to the allowed claim is filed pursuant to the procedure outlined in Federal Rule of Bankruptcy Procedure 3007, the bankruptcy court will not have cause to consider or approve the disallowance of the claim.

It is undisputed that the trustee unilaterally reduced SST's secured claim to the value received and disallowed entirely the unsecured claim after the bankruptcy court lifted the automatic stay.  There is nothing in the record that demonstrates that the trustee took this action pursuant to bankruptcy court order, or requested such an order.  In bypassing the adjudicative process surrounding the Plan modification and disallowance of the claims, the trustee denied SST, as both a secured and unsecured creditor, any opportunity to object to the modification or disallowance.  Absent a request by a proper party (i.e., the trustee) and consideration and approval by the bankruptcy court, the trustee's modification of the Plan was invalid.  Because the Plan modification was ineffective, Davis did not

7

fulfill the payments as required by the Plan and the Chapter 13 discharge was improper.[6]

### III. CONCLUSION

In this bankruptcy appeal, creditor SST, which held secured and unsecured claims in the confirmation plan, appeals the trustee's unilateral modification and disallowance of the claims without an order from the bankruptcy court as exceeding the trustee's statutory authority. We reverse the grant of discharge afforded Davis by the bankruptcy court because the trustee acted unilaterally and did not properly request a plan modification or claim disallowance, which would have invoked the requisite adjudication by the bankruptcy court. Accordingly, the grant of discharge by the bankruptcy court is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.

---

[6] We do not decide the relative merit of the trustee's treatment of the claims outside the realm of procedural propriety. The ultimate disposition of the Plan and STT's claims under it will necessarily be determined by the bankruptcy court on remand.