In re Paul E. WATSON, Jr., Debtor.

Barnee C. Baxter, Chapter 13 Trustee, Movant,

v.

Paul E. Watson, Jr., Debtor, Respondent.

No. 01–12100.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

April 28, 2003.

Jeanne D. Harrison, Attorney at Law, Augusta, GA, for Debtor.

Barnee C. Baxter, Augusta, GA, Chapter 13 Trustee.

### ORDER ON TRUSTEE'S MOTION FOR DIRECTION

JOHN S. DALIS, Chief Judge.

The Chapter 13 trustee filed a motion for determination of whether the Soldiers and Sailors Civil Relief Act (hereinafter "SSCRA") applies to reduce the interest rates paid on allowed secured claims in Paul E. Watson Jr.'s (hereinafter "Debtor"), confirmed chapter 13 plan. A hearing was held April 17, 2003. It does apply. The SSCRA requires the interest rates on debt to be reduced to 6% during the time a debtor is in military service. 50 App. U.S.C.A. § 526.

The Debtor's chapter 13 case was confirmed on August 28, 2001. At the time of filing, the Debtor was an electrician with an income of $2,000 per month. *See* Schedule I. The Debtor is a member of the South Carolina Army National Guard.[1] In his plan, Debtor has two allowed secured claims: (1) AutoSaver Plus (Claims # 1 and 1.1) a bifurcated claim of $4,025.00 to be paid as secured at 12% interest with the balance of $181.58 to be paid as unsecured; and (2) Mr. Cash Title Pawn (Claim # 8), a secured claim in the amount of $600.00 to be paid at 12% interest. In January 2003 the Debtor was called to active duty with

---

1. Debtor's Schedule I does not specify which part of his income is from the National Guard.

the United States Army. He was required to report to the South Carolina Army National Guard on February 10, 2003, and to Fort Bragg, N.C. on February 17, 2003. Because the Debtor was called on such a short notice, his military service pay was and remains delayed. Debtor is currently serving in the United States Army. The Debtor is entitled to the protections provided for in the SSCRA. 50 App. U.S.C.A. § 511, 516; 32 U.S.C.A. § 502.

Section 511 of the SSCRA states that the Act applies to:

"...All members of the Army of the United States, the United States Navy, the Marine Corps, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy. The term 'military service',... shall signify Federal service on active duty with any branch of service heretofore referred to or mentioned as well as training or education under the supervision of the United States preliminary to induction into the military service..."

■ Further, National Guard and National Air Guard personnel on duty for training or other duty authorized by 32 U.S.C. § 502(f) at the request of the President, for or in support of an operation during war or national emergency declared by the President or Congress are covered by the Act. *See* 32 U.S.C. § 502; 50 App. U.S.C.A. § 511, § 516; *see generally Holmes v. California National Guard*, 90 Cal.App.4th 297, 109 Cal. Rptr.2d 154 (Cal. App. 1 Dist.2001) (stating that when members of the National Guard are ordered into active duty in federal military service their status changes from state service to federal service on active duty). However, members of the Reserve, National Guard or Air National Guard components who are not on active duty are not covered by the act. SSCRA § 511 (to be covered

under the SSCRA the soldier needs to be on federal active duty). Neither retired personnel nor members of National Guard and Air National Guard troops called to duty under Title 32 U.S.C., state orders are covered. *See Bowen v. U.S.*, 49 Fed. Cl. 673 (Fed.Cl.2001). Further, enlisted reservists and guardsmen and draftees may seek relief as soon as they receive orders to report for active duty or induction. 50 App. U.S.C.A. § 516. Although SSCRA was initially enacted in contemplation of the hardships imposed upon persons suddenly drafted into military service, it's protective provisions are applicable to all military personnel on active duty, including career servicemen. *Conroy v. Aniskoff*, 507 U.S. 511, 515, 113 S.Ct. 1562, 1565, 123 L.Ed.2d 229 (1993).

The Debtor is a member of the South Carolina Army National Guard and has been called to federal active duty in the United States Army for or in support of an operation during time of war. Hence, the Debtor is protected by the SSCRA.

The SSCRA provides that:

"No obligation or liability bearing interest at a rate in excess of 6 per centum per annum incurred by a person in military service prior to his entry into such service shall, during any part of the period of military service...bear interest at a rate in excess of 6 per centum per annum unless, in the opinion of the court, upon application thereto by the obligee, the ability of such person in military service to pay interest upon such obligation or liability at a rate in excess of 6 per centum per annum is not materially affected by reason of such service, in which case the court may make such order as in its opinion may be just..."

50 App. U.S.C.A § 526

■ Section 526 of the SSCRA applies to any interest-bearing obligation or liabili-

ty incurred prior to the soldier's entry into active duty and the interest rate reduction is automatic.[2] The only exception to this reduced rate is if in the opinion of the court, and upon application by the obligee, the ability of the person in military service to pay interest in excess of 6% is not affected by reason of such service. 50 App. U.S.C.A. § 526. Generally, this requirement means that the person is making less money in the military than he did as a civilian. The lender bears the burden of showing that the serviceman has the ability to pay at the original interest rate. *See* footnote 1. These lenders have not brought forth any evidence suggesting that the Debtor is able to pay at the original interest rate of 12%. The question is whether Section 526 of the SSCRA applies to reduce the interest rates established on allowed secured claims in a debtor's confirmed Chapter 13 plan. It does.

■ Once a proposed Chapter 13 plan is confirmed, the rights of creditors are fixed in accordance with the plan, and the debtor emerges with the contracts between himself and creditors having been rewritten as evidenced by his plan as confirmed. *In re Sims*, 288 B.R. 264 (Bankr. M.D.Ala.2003). A confirmed chapter 13 plan has res judicata effect, unless it is subsequently modified by a bankruptcy court order. *In re Davis*, 314 F.3d 567 (11th Cir.2002). Such modification occurs upon request of the debtor, the trustee or unsecured creditors and upon the court's approval, the plan as modified becomes the plan. 11 U.S.C. § 1329(a) & (c).

However, the Debtor is not requesting modification of his chapter 13 plan. He has notified the trustee of his status as a serviceman in active military service and requested a temporary reduction of the confirmed plan interest rates according to SSCRA § 526.

■ The SSCRA was created in order to protect those who have been obliged to drop their own affairs and take up the burden of the nation. *U.S. v. Sullivan*, D.C. Conn.1967, 270 F.Supp. 236, *affr'd.* 398 F.2d 672, *reversed on other grounds*, 395 U.S. 169, 89 S.Ct. 1648, 23 L.Ed.2d 182 (1969). It's intent is to afford protection of the servicemen's property during a period of military service. *Hanson v. Crown Toyota Motors, Inc.*, 572 P.2d 380 (Utah 1977). The SSCRA must be liberally construed to effectuate it's purpose. *Royster v. Lederle*, 128 F.2d 197 (6th Cir.1942). Further, the primary desire of Congress in enacting the SSCRA was to prevent or remedy any undue hardship to the serviceman resulting from his inability to meet financial obligations incurred prior to call of duty. *Twitchell v. Home Owners' Loan Corp.*, 122 P.2d 210, 59 Ariz. 22 (Ariz.1942); *Patrikes v. J.C.H. Service Stations*, 180 Misc. 917, 41 N.Y.S.2d 158 (N.Y.City Ct.1943), *affirmed* 180 Misc. 927, 46 N.Y.S.2d 233 (N.Y.A.D.1943), *appeal denied* 266 A.D. 924, 44 N.Y.S.2d 472 (N.Y.A.D.1943); *Reynolds v. Haulcroft*, 170 S.W.2d 678, 205 Ark. 760 (Ark.1943).

■ The SSCRA is to be administered as an instrument to accomplish substantial justice. *Id.; Hunt v. Jacobson*, 178 Misc. 201, 33 N.Y.S.2d 661 (N.Y.Sup. 1942). Substantial justice may result in detriment to parties who are not in the military service. 50 App. U.S.C.A. § 521 Note 56 *citing Craven v. Vought*, Pa.1942, 43 D. & C. 482, 4 Monroe L.R. 11, 58 Montg. 15, 55 York 173 ("A stay will be granted, in spite of the possibility that plaintiffs may suffer by not being able to

---

**2.** *See* The Judge Advocate General's School, U.S. Army, JA 260, *Soldiers and Sailors Civil Relief Act Guide*, ch. 3–12, 3–33 (2000)— www.jagcnet. army.mil/TJAGSA (last visited April 24, 2003).

prosecute their claims in the courts and the sacrifice is one of those which must be made in war for the common good."); *Continental Ill. Nat. Bank & Trust Co. v. University of Notre Dame Du Lac*, 394 Ill. 584, 69 N.E.2d 301 (1946). Furthermore, the SSCRA applies in the context of a bankruptcy case even though the interests of the creditors may be affected. *See In re Ladner*, 156 B.R. 664 (Bankr.D.Colo. 1993); *Anderson v. Dalkon Shield Claimants Trust*, 996 F.2d 716 (4th Cir.1993); *In re Burrell*, 230 B.R. 309 (Bankr.E.D.Tx. 1999).

Specifically, section 526 of the SSCRA is a mandatory reduction of interest rates unless a party opposing the reduction shows that the serviceman is capable of paying the higher rate. 50 App. U.S.C.A. § 526; *Shenango Inc. v. Apfel*, 307 F.3d 174 (3rd Cir.2002) (for the proposition that "the term 'shall' is mandatory when used in a statute.")

In *Anderson* the Court held that the statute applied to toll the statute of limitations to file a claim against the bankruptcy estate even after the chapter 11 plan was confirmed. *Anderson*, 996 F.2d 716. The Court stated that if Congress wanted to exclude bankruptcy proceedings from the statute's application it could have created an express exclusion such as the one excluding time limitations under the internal revenue code. *Id.* Because the statute contains no exceptions or limitations regarding bankruptcy its clear language mandates its application. *Id.* Furthermore, even though the SSCRA application necessarily impairs the parties' interest in

finality, certainty, and repose in any case, bankruptcy or otherwise, the language of the statute reflects Congress' judgment that these costs are outweighed by its benefits, which impacts both military personnel and those with rights of action against military personnel. *Id.*

The rationale of *Anderson* applies here. The only exception intended by Congress to the application of § 526 is the ability of the debtor to pay the debt at the original interest rate. No other exception could have been intended by Congress. Because the lenders failed to prove that the Debtor-serviceman has the ability to pay the rate of interest as originally scheduled in his confirmed chapter 13 plan, I am compelled to apply the statute and lower the interest rate to 6% for the duration of the Debtor's active military status.

Accordingly, it is hereby ORDERED that the interest rate paid on allowed secured claims in Debtor's confirmed plan be reduced to 6%. The lower interest rate shall apply only during the time the Debtor is in active federal military service. The original interest rates in the Debtor's confirmed plan (12%) shall apply immediately upon the Debtor is released from active duty. The Debtor is responsible of informing the Chapter 13 Trustee as soon as his active federal military service ends.