OPINION OF THE COURT
Joseph D. McGuire, J.
Plaintiff has applied for, and been denied, a lift of a previously ordered 90-day stay in this foreclosure action, and an order of reference. This court issued memoranda/orders in this matter dated May 3, 2010 and July 12, 2010, outlining the pertinent facts, initially granting the 90-day stay as a result of defendant’s active military service, and then denying plaintiffs first request to lift the stay. To the extent not repeated herein, the previous memoranda/orders are incorporated herein as if fully set forth.
The issues presented here are finding repeated argument, typically via ex parte correspondence outside of formal motion practice. Counsel for mortgagees propound a position that defendant mortgagors in military status do not qualify for statutory service member protections if the service member/ mortgagor executed the subject mortgage while a member of the military. It is the court’s view that, respectfully, counsel for mortgagees propounding such a position in general, and counsel for this plaintiff in particular, misapprehend both the Federal Servicemembers Civil Relief Act (SCRA) and New York’s Military Law. Although both the SCRA and state law provide specific protections for service members related to mortgage foreclosures (50 USC Appendix § 533; Military Law § 312), and plaintiff correctly claims that these protections apply only where the mortgage obligation was incurred prior to the service member’s military service, it must be noted that both statutes also provide general protection to service members against default judgments.
The specific statutory provisions relating to mortgage foreclosures provide for special penalties and remedies if a sale or foreclosure occurs without adherence to the statutes when the service member executed the mortgage before entering military service. (50 USC Appendix § 533 [c], [d]; Military Law § 312 [3], [4].)
*311 The general protections against default judgments apply to any type of civil action, with no exception for mortgage foreclosures. There also is no statutory language indicating that the specific mortgage foreclosure provisions supercede the general protection provisions.
It is the clear policy of the nation and our State to allow service members to focus their energies on the defense of our nation, and to be provided with protections from the burdens of civil actions while in active service. (50 USC Appendix § 502; Military Law § 300.) Liberal construction of the service member protection statutes is advised. (Military Law § 300; see e.g. In re Watson, 292 BR 441 [SD Ga 2003].)
Under the federal law, when a military defendant has not appeared in a civil action or proceeding, the court must grant a minimum stay of 90 days where the court determines that, “after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists.” (50 USC Appendix § 521 [d] [2].) New York law provides that any action or proceeding involving a person in military service may be stayed in the discretion of the court “unless, in the opinion of the court . . . the ability of . . . the defendant to conduct his defense ... is not materially affected by reason of his military service.” (Military Law § 304.)
According to the report provided in support of the guardian ad litem’s prior request for a stay on behalf of defendant Cohen, defendant was stated to be on “Active Duty Military” per Department of the Army, Freedom of Information Act Office correspondence dated March 29, 2010. The freedom of information response also indicated that defendant’s location must be withheld from public release for security purposes.
Accordingly, the court found that the guardian ad litem, after due diligence, has not been able to contact defendant or otherwise determine if a meritorious defense exists (50 USC Appendix § 521 [d] [2]), and that defendant’s military service materially affects his ability to conduct his defense (Military Law § 304).
Without formal application, plaintiff most recently presented to the court photos plaintiff propounds as evidence of defendant’s abandonment of the real estate such that a lift of the stay would be appropriate. The court’s review of the photographs indicates that, although the premises are not occupied, there is sufficient evidence of an intent to return, including: the presence of furniture, small and large kitchen appliances, beverage *312 containers, boxes and children’s toys. The guardian ad litem/ military attorney, upon review of the same photos, concurred with the court’s conclusions.
Conclusion
Initially plaintiffs counsel attempted to rely only on the specific mortgage foreclosure provisions of the federal and state statutes that protect service members, but erroneously ignored the more general provisions that apply to all civil actions. The court found defendant was entitled to the protection of these statutes and denied the request to lift a previously ordered stay in the memorandum/order dated July 12, 2010.
Currently plaintiffs counsel has placed a misguided reliance on photographs to show that defendant has abandoned the premises. Plaintiffs second request for a lift of the stay is denied; and the stay shall be continued for an additional six months.