[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13333
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00979-AT; 11-bk-82852-MHM

In re:
SANON JEAN,

                                                                    Debtor.

_____

SANON JEAN,

                                                        Plaintiff-Appellant,

versus

SUNTRUST BANK,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 13, 2013)

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Sanan Jean, a debtor in bankruptcy proceeding *pro se*, appeals the District Court's order denying his motion for reconsideration of the order affirming the Bankruptcy Court's order confirming that the automatic stay provided by 11 U.S.C. § 362 did not come into effect upon the filing of Jean's latest bankruptcy petition.  In his brief on appeal, Jean does not acknowledge that this appeal is of his motion for reconsideration, and makes no argument regarding that motion. Rather, he argues that the District Court erred in ruling that the automatic stay was not in effect and, therefore, SunTrust did not have to move the Bankruptcy Court to lift the stay.  Jean argues that the automatic stay was in effect because he had not filed more than two bankruptcy petitions within the same year.  We are not persuaded and therefore affirm.

## I.

We review *de novo* the determinations of law by a bankruptcy court and a district court, whether decided initially or in the latter's appellate capacity, and defer to the factual determinations of the bankruptcy court unless they are clearly erroneous.  *In re Davis*, 314 F.3d 567, 570 (11th Cir. 2002).

Pursuant to 11 U.S.C. § 362(a), a debtor who has filed for Chapter 7 or

2

Chapter 11 bankruptcy enjoys an automatic stay against actions to enforce, collect, assess or recover claims against the debtor or against property of the estate. 11 U.S.C. § 362(a); *see also United States v. White*, 466 F.3d 1241, 1244 (11th Cir. 2006). However, § 362(c) sets out exceptions to the operation of the automatic stay. *See* 11 U.S.C. § 362(c). Section 362(c)(4)(A) provides:

> (A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
>
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect.

11 U.S.C. § 362(c)(4)(A).

Contrary to Jean's argument, whether the automatic stay comes into effect upon the filing of a bankruptcy petition does not hinge on whether two cases have been filed within the year, but rather, whether two cases had been pending within one year. Because Jean had been a debtor in two prior cases that were both dismissed within the one-year period preceding the filing of the instant case, and neither of these prior cases was a Chapter 7 case dismissed pursuant to 11 U.S.C. § 707(b), the automatic stay under § 362(a) did not go into effect upon the filing of Jean's latest bankruptcy case.

3

II.

We review a district court order denying a motion for reconsideration raised under Rule 59 for abuse of discretion. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998). A legal claim or argument that is not briefed is deemed abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Jean's brief presents no argument regarding the denial of his motion for reconsideration; hence, he has abandoned this issue.

AFFIRMED.